**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0210n.06
Filed: March 19, 2009

**No. 07-3554**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| RHONDA J. TURPIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NORRIS, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Rhonda Turpin appeals her conviction and sentence for multiple conspiracy, forgery, identity-theft, fraud, and counterfeiting offenses. After a bench trial, the district court sentenced Turpin to 188 months for each count, to run concurrently. She timely appealed, challenging her sentence, asserting a right to acquittal, and pressing two Fifth Amendment double-jeopardy challenges. Only one argument has merit—that the district court erred in imposing a 188-month sentence for *each* count. We remand for resentencing and affirm the conviction.

I.

A grand jury indicted Turpin on 61 counts related to conspiracy, forgery, counterfeiting, fraud, and identity theft. These counts stemmed from Turpin's leadership of two conspiracies, the first of which involved identity theft. Turpin and her coconspirators used stolen personal

information to obtain unsecured loans, open credit card and bank accounts, and deposit stolen, counterfeited, and forged checks. In the second conspiracy, Turpin and another codefendant filed multiple false federal income tax returns for 2000–2002 using the personal information of various victims to claim illegitimate tax refunds.

Following a bench trial, the court found her guilty on 55 of the 61 counts and sentenced her to 188 months on each (running concurrently), followed by five years supervised release. Turpin appeals both her sentence and conviction.

## II.

### A.      Sentencing Error

The government concedes that the district court erred in imposing sentences that exceed the statutory maximum for all but two of the 55 counts. This error requires remand for resentencing on 53 of the counts.

### B.      Challenges to the Conviction

#### 1.       Forgery Counts

First, Turpin argues for acquittal by contending that endorsing checks with another's name is not forgery within the meaning of 18 U.S.C. § 513(a). She and her coconspirators obtained loans in the names of their identity-theft victims by using the victims' personal and financial information.

Turpin maintains that this is not forgery because the checks were genuine, albeit signed by a fraudster. But the statute defines a "forged" document as "a document that purports to be genuine but is not because it has been falsely . . . *endorsed* . . ." 18 U.S.C. § 513(c)(2) (emphasis added); *see United States v. Hunt*, 456 F.3d 1255, 1260 (10th Cir. 2006) ("In the paradigmatic case of forgery at common law, the instrument 'is not what it purports to be' because it purports to be written by someone who did not actually write it."); *see also United States v. Wilkins*, 213 F. Supp. 332, 338 (S.D.N.Y. 1963) ("Under the common law a person signing a check in the name of another commits forgery . . . ."). Consequently, her argument fails. And Turpin's argument that checks are not securities is equally frivolous; the statute includes checks in the definition of "security." 18 U.S.C. § 513(c)(3).

2.     Possession of Counterfeiting Implements

Second, Turpin contends that she was entitled to acquittal on Count 33—possession of counterfeiting implements in violation of 18 U.S.C. 513(b)—because a date discrepancy between the indictment and the court's factual findings renders her guilt factually impossible. That is, though the indictment alleged that Turpin possessed the implements on April 30, 2004, the district court's findings of fact recites that the seizure occurred on May 20, 2003—a year earlier. Because no evidence questions the indictment's correctness as to the seizure date, we see this as plainly a typographical error.

Because Turpin seeks acquittal on this count, the question is not whether the dates agree, but rather, does the record include sufficient evidence to support this count? *United States v. Bashaw*, 982 F.2d 168, 171 (6th Cir. 1992). "Even when a defendant is convicted after a bench trial, the test is whether the evidence is sufficient to justify the trial judge, as trier of facts, in concluding beyond a reasonable doubt that the defendant was guilty." *Id.* (internal quotation marks omitted). The record amply supports guilt here.

Turpin raises another argument regarding a second scrivener's error on the same count. She insists that the court's use of the phrase "fraudulent *identification documents*. . . ." instead of "counterfeit securities" entitles her to acquittal. But again, the record amply supports her conviction on this count for possessing implements to make counterfeit securities, namely the stolen and cancelled checks, blank check paper, and check printing software found at Turpin's residence. Cancelled, unsigned, and blank checks are implements for making counterfeit securities within the meaning of 18 U.S.C. 513(b). *See United States v. Wade*, 266 F.3d 574, 584 (6th Cir. 2001) (unsigned checks); *United States v. Pebworth*, 112 F.3d 168, 169 (4th Cir. 1997) (blank checks); *United States v. Holloman*, 981 F.2d 690, 692 (3d Cir. 1992) (cancelled checks).

Thus, while the district court's written findings do not specifically support Count 33, the uncontroverted record supports Turpin's conviction under 18 U.S.C. 513(b).

3.      Sufficiency of the Evidence

-4-

Third, Turpin presses a catch-all sufficiency challenge to all 55 counts of conviction, premised on the unreliable characters who offered evidence to support her conviction—"the [t]estimony of [s]erial [f]elons, [t]hieves, [a]ddicts, [l]iars and [k]naves," she insists. In reviewing de novo, this court should affirm "if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt." *United States v. Solorio*, 337 F.3d 580, 588 (6th Cir. 2003); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

In ten excruciatingly detailed pages of her brief, Turpin sets forth the "chain of liars, crooks, thieves, knaves and addicts," and maintains that their various crimes render them not credible. But the witnesses' "knavery" does not mean that their testimony is insufficient evidence; even "the uncorroborated testimony of an accomplice may support a conviction under federal law." *United States v. Gallo*, 763 F.2d 1504, 1518 (6th Cir. 1985) (rejecting a sufficiency-of-the-evidence challenge). Here, a host of accomplices testified against Turpin, and that testimony supported the court's conclusions. Nor was their testimony uncorroborated; the court also reviewed hundreds of relevant documents supporting conviction and a collection of counterfeiting and identification-making implements seized from Turpin's house. Viewed in context, the testimony sufficiently justified the court finding Turpin guilty beyond a reasonable doubt.

    4.      Double Jeopardy Challenges

Finally, Turpin raises two Fifth Amendment challenges for the first time on appeal. Because she did not raise double jeopardy before the district court, she forfeits these claims. *United States v. Branham*, 97 F.3d 835, 841–42 (6th Cir. 1996). Although plain error might save Turpin's claims for our review, we find no error at all, much less plain error. *See id.* Applying the well-established *Blockburger v. United States* test, 284 U.S. 299 (1932), we find that the statutory offenses have different elements, and therefore pass muster. *Id.* at 304. ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

III.

We remand for resentencing on those counts where the sentence imposed exceeds the statutory maximum and we affirm Turpin's conviction.